UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

JEFFREY GARRISON,

     Petitioner,

v.
                                CASE NO. 6:11-cv-229-Orl-28GJK

SECRETARY, DEPARTMENT
OF CORRECTIONS, et al.,

     Respondents.

---

## ORDER

This case is before the Court on Respondents "Motion to Dismiss, Or Alternatively Stay, Proceeding" (Doc. No. 23). Respondents ask the Court to dismiss the instant second amended habeas petition because Petitioner has a pending appeal in the Fifth District Court of Appeal and a pending motion for DNA testing in the state circuit court. *Id.* at 1. Petitioner has filed a response in which he indicates that he has voluntarily dismissed the pending state matters (Doc. No. 26). Because Petitioner no longer has state court proceedings pending, dismissal or a stay of the instant action is no longer warranted.

Accordingly, Respondents motion (Doc. No. 23) is **DENIED**. Within **SIXTY (60) DAYS** from the date of this Order, Respondents shall file a Response to the Second Amended Petition (Doc. No. 22), indicating why the relief sought in the amended petition should not be granted.

As part of the Response, Respondents shall also:

> **(1)** **State whether either the United States District Court Judge or the United States Magistrate Judge assigned to this case was**

involved in any of Petitioner's state court proceedings. Respondents have an ongoing duty to inform the Court of such involvement if the case is hereafter reassigned to another judicial officer.

(2)     Summarize the results of any direct appellate and/or post-conviction relief sought by petitioner to include citation references and copies of all published opinions. Provide copies of appellant and appellee briefs from every appellate and/or post-conviction proceeding.

(3)     State whether an evidentiary hearing was accorded Petitioner in the pre-trial, trial, and/or post-conviction stages and whether transcripts are available from those proceedings.

(4)     Procure transcripts and/or narrative summaries in accordance with Rule 5 of the <u>Rules Governing Section 2254 Cases in the United States District Courts</u> and file them concurrently with the initial pleading, but not later than thirty (30) days after the filing of the initial pleading.

(5)     State whether Petitioner has exhausted available state remedies under the statutes or procedural rules of the state. If Petitioner has not exhausted available state court remedies, provide an analysis of those remedies or indicate whether Respondents waive the exhaustion requirement. <u>Thompson v. Wainwright</u>, 714 F.2d 1495 (11th Cir. 1983).

(6)     Provide a detailed explanation of whether this case was filed within the one-year limitation period set forth in 28 U.S.C. § 2244(d).

**DONE AND ORDERED** in Orlando, Florida this **21** day of December, 2011.

JOHN ANTOON II
UNITED STATES DISTRICT JUDGE

Copies to:
OrlP-3 12/19
Jeffrey Garrison
Counsel of Record